UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re Thomas J. Stanisz, Debtor.<br><br>--------------------------------------------------<br><br>Gregory Rhodes and Elk Grove Auto Service, Inc., Plaintiffs,<br>v.<br>Thomas J. Stanisz, Defendant. | Bankruptcy No. 06-B-70235<br>Adversary Nos. 06-A-96097<br>Chapter 7<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to authorize adversary plaintiffs to costs and attorneys' fees filed by adversary plaintiffs Gregory Rhodes and Elk Grove Auto Service, Inc. ("Plaintiffs"), pursuant to Fed. R. Bank. P. 7054(b), 28 U.S.C. § 1920 and Local Bankruptcy Rule 5082-1, on December 18, 2008. For the reasons set forth herein, the Court grants Plaintiffs' motion to authorize adversary plaintiffs to costs and attorneys' fees.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS AND BACKGROUND

On September 6, 2006, adversary plaintiffs Gregory Rhodes and Elk Grove Auto Service, Inc. ("Plaintiffs"), through their counsel John Redfield and his firm, Kelleher & Buckley, Ltd., filed adversary case number 06-96097 to object to debtor Thomas J. Stanisz's ("Debtor") discharge under 11 U.S.C. § 727 involving Debtor's Chapter 7 petition number 06-B-70235. In an order dated September 5, 2007, the Court granted the motion to withdraw as attorney filed by

Debtor's counsel, Joseph D. Olsen. On November 28, 2007, Plaintiffs' counsel Redfield filed a motion to compel Debtor to produce documents. In an order dated December 3, 2007, the Court granted Plaintiffs' motion to compel Debtor to comply with discovery requests.

On January 3, 2008, attorney Kenneth A. Runes of Runes Law Offices, P.C. filed a motion to substitute appearance for Plaintiffs. In an order dated January 15, 2008, the Court granted leave for Runes Law Offices, P.C. to file an appearance on behalf of Plaintiffs and granted leave for Redfield and his firm to withdraw their appearance for Plaintiffs.

On June 9, 2008 and June 11, 2008, Plaintiffs' counsel Runes filed motions to deny discharge and bar Debtor from future filings. On October 26, 2008, the Court scheduled the adversary complaint for status and decision on October 22, 2008.

In an order dated October 22, 2008, the Court granted Plaintiffs' adversary complaint under § 727 for a denial of discharge. Subsequently, in an order dated December 8, 2008, the Court granted Plaintiff's motion to amend and allowed Plaintiffs to submit their bill of costs and a petition for reasonable attorneys' fees within ten days.

On December 18, 2008, Plantiffs submitted a bill of costs on adversary number 06-A-96097 and identified $510 in total costs and expenses, including $250 for the filing fee, $150 for printing fees and disbursements,[1] and $110 for service of subpoenas. Redfield and his firm, Kelleher & Buckley, Ltd., had represented Plaintiffs in adversary number 06-A-96097 from July 7, 2006 through January 7, 2008.[2] According to Plaintiffs' narrative summary, Redfield rendered

---

[1] Plaintiffs' counsel submitted a bill of costs that itemized $609.80 in total costs, including $250 for filing fee, $249.80 for printing fees and disbursements, and $110 for service of subpoenas. Plaintiffs' counsel Runes' affidavit, however, identifies only a $110 charge on February 20, 2008 for service of summons on defendant-debtor's parents and a $150 charge for copying/binding/mailing exhibits on August 14, 2008. The Court will take judicial notice of the $250 filing fee cost. Due to the discrepancy, the Court finds that the printing fees and disbursements costs are $150 as noted in the affidavit. Therefore, the total costs for Plaintiffs' counsel in adversary number 06-A-96097 are $110 + $150 + $250 or $510 total.

[2] Redfield and his firm represented Plaintiffs in a related adversary proceeding, number 06-A-96063 that the Court

43.9 hours in legal services on adversary number 06-A-96097 and charged a rate of $225 per hour for a total of $7777.55 in attorneys' fees. Runes subsequently represented Plaintiffs in adversary number 06-A-96097 from January 4, 2008 through December 16, 2008. According to Plaintiffs' affidavit, Runes rendered 45.4 hours, including 29.9 billable hours, in legal services on adversary number 06-A-96097 and charged a rate of $175 per hour for a total of $5232.50 in attorneys' fees.

## DISCUSSION

### A. Standard for Awarding Attorneys Fees

Plaintiffs seek the award of their attorneys' fees. According to the so-called "American Rule," "the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser." Muslin, supra, 777 F.2d at 1235 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)); see also Travelers Cas. & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 127 S. Ct. 1199, 1203, 167 L. Ed. 2d 178 (2007). This rule, however, is not without exceptions. Attorneys' fees may be assessed by a court when the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Muslin, supra, 777 F.2d at 1235 (quoting F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co., 417 U.S. 116, 129, 94 S. Ct. 2157, 40 L. Ed. 2d 703 (1974)). Absent statutory authorization, a demand for attorneys' fees is only granted in unusual circumstances. Ibid. (citing Coyne-Delany v. Capital Dev. Bd., 717 F.2d 385, 390 (7th Cir. 1983)).

In interpreting the statutory fee-shifting provision of the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, the Supreme Court laid out a twelve factor test for determining the amount of attorneys' fees to be awarded to "prevailing" parties, a test that

---

previously granted Plaintiffs' motion for sanctions, including $44,933.08 plus costs of suit, on October 22, 2007.

provides general guidance. Hensley v. Eckerhart, 461 U.S. 424, 429-30, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 430 n. 3, 103 S. Ct. 1933; see also In re Polo Builders, Inc., 397 B.R. 396, 403 (Bankr. N.D. Ill. 2008).

First, the Court must determine whether the moving party is the prevailing party. In re Polo Builders, Inc., supra, 397 B.R. at 403. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Ibid. (quoting Hensley, supra, 461 U.S. at 433, 103 S. Ct. 1933).

Second, the Court must review whether the requested fees and expenses were reasonable and necessary. Ibid. The starting point to answer the second question - whether the requested fees and expenses were reasonable and necessary - "is the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." Id. at 404 (quoting Hensley, supra, 461 U.S. at 433, 103 S. Ct. 1933). In addition, the petitioning party has the burden of establishing entitlement to attorneys' fees. Ibid. (citing Hensley, supra, 461 U.S. at 437, 103 S. Ct. 1933; In re Pettibone Corp., 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987)). One way to establish that so-called "lodestar" is to submit documents supporting the hours worked and rates claimed. Ibid. (citing

Hensley, supra, 461 U.S. at 433, 103 S. Ct. 1933). This evidence, however, only establishes that the hours represented by the billing records were actually worked. Ibid. (citing Pettibone Corp., supra, 74 B.R. at 301.

In addition to the twelve Hensley factors, to assist the Bankruptcy Court to evaluate large and complex fee applications, the District Court for the Northern District of Illinois promulgated, Local Bankruptcy Rule 5082-1, which governs Applications for Compensation and Reimbursement for Professional Services in Cases Under Chapter 7, 11 and 12. In re Polo Builders, Inc., supra, 397 B.R. at 404 (citing Bankr. N.D. Ill. R. 5082-1). Local Bankruptcy Rule 5082-1 provides:

> **A. Applications**
> Any application for interim or final compensation for services performed and reimbursement of expenses incurred by a professional person employed in a case filed under Chapter 7, 9, 11 or 12 of the Bankruptcy Code must begin with a completed and signed cover sheet in a form approved by the court and published by the clerk. The application must also include both a narrative summary and a detailed statement of the applicant's services for which compensation is sought.
>
> **B. Narrative Summary**
> (1) The narrative summary must set forth the following for the period covered by the application:
> (a) a summary list of all principal activities of the applicant, giving the total compensation requested in connection with each such activity;
> (b) a separate description of each of the applicant's principal activities, including details as to individual tasks performed within such activity, and a description sufficient to demonstrate to the court that each task and activity is compensable in the amount sought;
> (c) a statement of all time and total compensation sought in the application for preparation of the current or any prior application by that applicant for compensation;
> (d) the name and position (partner, associate, paralegal, etc.) of each person who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work on each such separate task and activity;
> (e) the hourly rate for each professional and paraprofessional for

whom compensation is requested, with the total number of hours
expended by each person and the total compensation sought for
each;
(f) a statement of the compensation previously sought and allowed;
(g) the total amount of expenses for which reimbursement is sought,
supported by a statement of those expenses, including any
additional charges added to the actual cost to the applicant.
(2) The narrative summary must conclude with a statement as to whether the
requested fees and expenses are sought to be merely allowed or both
allowed and paid. If the latter, the narrative summary must state the source
of the proposed payment.

### C. Detailed Statement of Services

The applicant's detailed time records may constitute the detailed statement
required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task
and activity to match those set forth in the narrative description. Each time
entry must state:
(1) the date the work was performed,
(2) the name of the person performing the work,
(3) a brief statement of the nature of the work,
(4) the time expended on the work in increments of tenth of an hour, and
(5) the fee charged for the work described in the entry.

See In re Polo Builders, Inc., supra, 397 B.R. at 404 (citing Bankr. N.D. Ill. R. 5082-1).

Here, the Court finds that the requested attorneys' fees were reasonable and necessary. In re Polo Builders, Inc., supra, 397 B.R. at 403. Generally, "the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser," but attorneys' fees may be assessed by a court when the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Muslin, supra, 777 F.2d at 1235. As an initial matter, Plaintiffs may be considered "prevailing parties" for attorney's fees purposes because the Court denied Debtor's discharge regarding Plaintiffs' objection to discharge under their § 727 complaint on October 22, 2008 which achieved the benefit that the parties sought in bringing the suit. In re Polo Builders, Inc., supra, 397 B.R. at 403. Subsequently, in an order dated December 8, 2008, the Court granted Plaintiff's motion to submit a petition for reasonable attorneys' fees.

As a starting point on whether the requested fees and expenses were reasonable and necessary, the Court shall conduct a "lodestar" analysis. In re Polo Builders, Inc., supra, 397 B.R. at 404. On December 18, 2008, pursuant to Local Bankruptcy Rule 5082-1, Plaintiffs filed a motion to authorize both Plaintiffs' counsels, Kelleher & Buckley, Ltd. and Runes Law Offices, P.C., to costs and attorneys' fees. In the affidavit and Exhibit C attached to the motion, Plaintiffs' counsel state that from July 7, 2006 through January 7, 2008, Plaintiffs' counsel, attorney Redfield of Kelleher & Buckley, Ltd., rendered 43.9 hours in legal services on adversary number 06-A-96097 and charged a rate of $225 per hour for a total of $7777.55 in attorneys' fees. Previously, in an order dated January 15, 2008, the Court granted leave for Runes Law Offices, P.C. to file an appearance on behalf of Plaintiffs and granted leave for John Redfield to withdraw his appearance for Plaintiffs. Thus, in the affidavit and Exhibit B attached to the fees motion, Runes Law Offices, P.C. state that from January 4, 2008 through December 16, 2008, Plaintiffs' counsel, Runes Law Offices, P.C., rendered 45.4 hours, including 29.9 billable hours, in legal services on adversary number 06-A-96097 and charged a rate of $175 per hour for a total of $5232.50 in attorneys' fees.

In addition, the Court must consider the twelve factor Hensley test to determine the amount of attorneys' fees to be awarded to "prevailing" parties. Hensley, supra, 461 U.S. at 429-30, 103 S. Ct. at 1933, 76 L. Ed. 2d at 40. In the attorneys' fee application hearing dated December 29, 2008, Debtor's sole contention with the fees was that he did not "believe that [he was] responsible for any of those fees." Debtor, however, did not state any contention with the reasonableness of the fees. In contrast, Plaintiffs' counsel, attorney Kenneth Runes, stated in the hearing that Debtor never approached Plaintiffs to reach any resolution to avoid litigation. Instead, Debtor failed to comply with the Court's discovery order and exhibited a pattern of

fraud, deceit and delay. Plaintiffs' counsel litigated this adversary complaint from September 2006 to December 2008 and submitted multiple subpoena requests, motions to compel discovery and motions to deny discharge against Debtor. Moreover, Plaintiffs' counsel Runes charged $175 per hour which was an hourly rate below the $225-50 per hour rate that they typically charge.

Therefore, the Court finds that the requested attorneys' fees were reasonable and necessary and grants Plaintiffs' attorneys' fees of $5232.50 to Runes Law Offices, P.C. and $7777.55 to Kelleher & Buckley, Ltd.

### B. Standard for Awarding Expenses and Costs

Without citation to any case law, Plaintiffs seek the award of their expenses and court costs. Pursuant to Federal Rule of Bankruptcy Procedure 7054(b), "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." In re Builders Plumbing & Heating Supply Co., Inc., No. 05 A 02700, 2007 WL 625543, at *8 (Bankr. N.D. Ill. 2007) (quoting Fed. R. Bankr. P. 7054(b)). The Court is unaware of any statute or Bankruptcy Rule that would not provide for the allowance of costs to Plaintiffs. Pursuant to 28 U.S.C. § 1920, the Court may award a prevailing party taxable costs. Ibid. (citing 28 U.S.C. § 1920); see also In re Yonkers, 219 B.R. 227, 234 (Bankr. N.D. Ill. 1997) (granting taxable costs under § 1920 to prevailing creditor in 11 U.S.C. § 727 adversary complaint that objected to a debtor's Chapter 7 discharge). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any

      materials where the copies are necessarily obtained for use in the case;
          (5) Docket fees under section 1923 of this title;
          (6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special interpretation
services under section 1828 of this title.
          A bill of costs shall be filed in the case and, upon allowance, included in
the judgment or decree.

[28 U.S.C. § 1920.]

A prevailing party shall submit a bill of costs pursuant to Local Bankruptcy Rule 7054-1 within thirty days of the entry of judgment allowing costs. In re Phillips, 379 B.R. 765, 773 (Bankr. N.D. Ill. 2007) (citing Local R. Bankr. P. 7054-1).

    The Court has broad discretion to determine whether and to what extent to award costs to prevailing parties. In re Builders Plumbing & Heating Supply Co., Inc., No. 05 A 02700, 2007 WL 625543, at *8 (citing Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993)). There is a strong presumption favoring the award of costs to the prevailing party. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997) (citing Fed. R. Civ. P. 54(d)).[3] Allowable costs, however, are limited to the categories in § 1920, and expenses that are not authorized by statute must be borne by the party incurring them. In re Builders Plumbing & Heating Supply Co., Inc., No. 05 A 02700, 2007 WL 625543, at *8 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-45, 107 S. Ct. 2494, 2497-99 (1987)). The losing party must satisfy a heavy burden when asserting that he or she should be excused from paying costs and affirmatively establish either that the costs fall outside the parameters of § 1920, that they were not reasonably necessary to the litigator, or that the losing party is unable to pay. Ibid. (citing Muslin v. Frelinghuysen Livestock Managers, Inc., 777 F.2d 1230, 1236 (7th Cir. 1985)).

    Here, the Court grants Plaintiffs' expenses and court costs for adversary number 06-A-

96097 because Plaintiffs have met the requirements of Federal Rule of Bankruptcy Procedure 7054(b), 28 U.S.C. § 1920 and Local Bankruptcy Rule 7054-1 to obtain costs and expenses as a prevailing party. In an order dated October 22, 2008, the Court granted Plaintiff's adversary complaint to deny Debtor's discharge. Subsequently, in an order dated December 8, 2008, the Court granted Plaintiff's motion to amend and submit their bill of costs and a petition for reasonable attorneys' fees within ten days. On December 18, 2008, Plantiffs, as the prevailing party, properly submitted a bill of costs pursuant to Local Bankruptcy Rule 7054-1 within thirty days of the entry of judgment allowing costs. In re Phillips, supra, 379 B.R. at 773. Plaintiffs' bill of costs on adversary number 06-A-96097 identified $510 in total costs and expenses, including $250 for the filing fee, $150 for printing fees and disbursements, and $110 for service of subpoenas. Thus, the Court grants $510 in expenses and costs to Plaintiffs' counsel.

---

[3] Federal Rule of Civil Procedure 54(d) is made applicable to bankruptcy adversary proceedings under Federal Rule of Bankruptcy Procedure 7054(d). Fed. R. Bankr. P. 7054(d).

**CONCLUSION**

For the foregoing reasons, the Court grants Plaintiffs' motion to authorize adversary plaintiffs to costs and attorneys' fees.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: January 28, 2008

The Hon. Manuel Barbosa
United States Bankruptcy Judge